**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | Crystal R Campbell |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Southern District of Ohio |
| Case number | 2:18-bk-57029 |

Official Form 410S1          **AMENDED**

# Notice of Mortgage Payment Change                    12/15

If the debtor's plan provides for payment of postpetition contractual installments on your claim secured by a security interest in the debtor's principal residence, you must use this form to give notice of any changes in the installment payment amount. File this form as a supplement to your proof of claim at least 21 days before the new payment amount is due. See Bankruptcy Rule 3002.1.

**Name of creditor:** U.S. Bank Trust National Association as Trustee of the Cabana Series IV Trust

**Court claim no.** (if known): 6-1

**Last 4 digits** of any number you use to identify the debtor's account: 7 8 2 0

**Date of payment change:**
Must be at least 21 days after date of this notice: 06/01/2020

**New total payment:** $ 760.59
Principal, interest, and escrow, if any

## Part 1: Escrow Account Payment Adjustment

1. Will there be a change in the debtor's escrow account payment?

   ☒ No
   ☐ Yes. Attach a copy of the escrow account statement prepared in a form consistent with applicable nonbankruptcy law. Describe the basis for the change. If a statement is not attached, explain why: _____

   Current escrow payment: $ _____      New escrow payment: $ _____

## Part 2: Mortgage Payment Adjustment

2. Will the debtor's principal and interest payment change based on an adjustment to the interest rate on the debtor's variable-rate account?

   ☐ No
   ☒ Yes. Attach a copy of the rate change notice prepared in a form consistent with applicable nonbankruptcy law. If a notice is not attached, explain why: _____

   Current interest rate: 3.000 %      New interest rate: 3.650 %
   Current principal and interest payment: $ 463.14      New principal and interest payment: $ 508.92

## Part 3: Other Payment Change

3. Will there be a change in the debtor's mortgage payment for a reason not listed above?

   ☒ No
   ☐ Yes. Attach a copy of any documents describing the basis for the change, such as a repayment plan or loan modification agreement. (Court approval may be required before the payment change can take effect.)

   Reason for change: _____

   Current mortgage payment: $ _____      New mortgage payment: $ _____

| Debtor 1 | Crystal R Campbell | Case number (if known) | 2:18-bk-57029 |
|---|---|---|---|
| | First Name  Middle Name  Last Name | | |

## Part 4: Sign Here

The person completing this Notice must sign it. Sign and print your name and your title, if any, and state your address and telephone number.

*Check the appropriate box.*

☐ I am the creditor.

☑ I am the creditor's authorized agent.

**I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.**

✗ /s/ Molly Slutsky Simons
Signature

Date 07/10/2020

Print: Molly Slutsky Simons
First Name  Middle Name  Last Name

Title: Attorney for Creditor

Company: Sottile & Barile, Attorneys at Law

Address: 394 Wards Corner Road, Suite 180
Number  Street

Loveland    OH    45140
City    State    ZIP Code

Contact phone: 513-444-4100

Email: bankruptcy@sottileandbarile.com

After Recording Return to:

Bayview Loan Servicing, LLC
Attn: Collateral Department
4425 Ponce de Leon Blvd., 5th Floor
Coral Gables, FL 33146

_[Space Above This Line For Recording Data]_

## LOAN ADJUSTMENT AGREEMENT

This loan adjustment agreement is made and entered into as of February 25, 2016 (the "Effective Date"), by and between, Bayview Loan Servicing, LLC, ("Servicer") and CRYSTAL R CAMPBELL ("Borrower").

### RECITALS

A. Servicer is the holder or servicing agent of the holder of that certain Promissory Note ("Note") dated 09/30/2008, executed by Borrower or Borrower's predecessor-in-interest in the original principal sum of $140,583.00.

B. The note evidences a loan ("Loan") to Borrower or Borrower's predecessor-in-interest on 09/30/2008, in the original principal sum of $140,583.00 along with a Deed of Trust or Mortgage ("Security Instrument") securing said Note. The Security Instrument creates a secured lien on certain real property ("Property") owned by Borrower (and is more specifically described in the Security Instrument). The Note and Security Instrument and all other loan documents related to the Loan are hereinafter collectively referred to as the "Loan Documents".

C. Due to adverse economic circumstances, Borrower has requested Servicer to adjust the scheduled amortization of the Note to permit Borrower to meet Borrower's obligations to Servicer in full and in a timely manner. The requested adjustment will benefit Borrower, Servicer and any junior lien holder, by avoiding the possible foreclosure of the Loan by Servicer. Accordingly, it is considered to be in the best interest of all concerned to enter this Loan Adjustment Agreement ("Agreement").

D. Both Borrower and Servicer hereby agree that Servicer may, in its sole discretion, record this Agreement.

### AGREEMENT

NOW, THEREFORE, Borrower and Servicer hereby agree as follows:

1. **NOTE MODIFICATIONS:**
   (a) **Outstanding Debt:**
   Borrower agrees that the unpaid principal balance due on the Note of $152,102.63, shall be increased by $2,995.70 the amount of the unpaid installments, interest, late charges, fees and costs, and, if applicable, any advances for unpaid property taxes and/or insurance premiums ("Unpaid Sums Due"), for a total unpaid principal balance due of $155,098.33 ("New Balance"). Based on the consideration listed above, and other good and valuable consideration, Servicer agrees to defer and waive interest upon $24,380.68 ("Deferred Balance") of the New Balance until the loan matures on 03/01/2056 at which time the Deferred Balance shall be immediately due and payable as a balloon payment, as well as any outstanding amounts due under the terms of the mortgage. In the event that the Deferred Balance is not paid timely as agreed or in the event of a default under this agreement or the loan documents, interest shall accrue on the Deferred Balance at the rate in effect on the loan immediately prior to maturity or the time of default, and will adjust thereafter according to the terms of the Note. Borrower agrees to the accuracy of the allegations contained in the above Recitals as well as to the authenticity and validity of each document referred to herein and to the validity of the unpaid sums due and the New Balance. Interest and payments will accrue on the New Balance at the interest rates, whether adjustable, variable or fixed, provided in the Note, unless modified by this Agreement.

   (b) **New Monthly Payments, Payment Adjustments:**

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1-3 | 2.000% | 03/01/2016 | $395.85 | $318.77 | $714.62 | 04/01/2016 | 36 |
| 4 | 3.000% | 03/01/2019 | $463.14 | Adjust Annually | Adjust Annually | 04/01/2019 | 12 |
| 5-40 | 3.650% | 03/01/2020 | $508.92 | Adjust Annually | Adjust Annually | 04/01/2020 | 432 |

Effective on 03/01/2020, Borrower's rate of interest will be 3.65% and will remain fixed for the remaining life of the loan.

(c) **New Maturity Date:**
The maturity date will be 03/01/2056, on which date any unpaid interest and all other sums due shall be paid in full.

2. **ESTABLISHMENT OF IMPOUND/ESCROW ACCOUNT:**
Borrower acknowledges that Servicer will establish an impound/escrow account for the collection of property taxes and insurance premiums if such account is not currently in existence. Servicer will analyze the impound/escrow account from time to time. As a result of this analysis, the escrow portion of Borrower's monthly payment may change. Borrower further acknowledges that the escrow portion of his/her monthly payment may be substantially higher than the estimate. (Note: In certain states, impound/escrow accounts do not collect for payment of taxes pertaining to Bond/Special Assessments and Irrigation/Water District).

3. **AGREEMENT NOT TO ENCUMBER:**
Borrower agrees that it will not voluntarily or involuntarily: (i) grant any interest in or option with respect to, any of the Property; or (ii) create or permit to exist any lien, security interest, or other charge or encumbrance upon or with respect to any of the Property, except for Servicer's already existing security interest and lien, or sell the Property for the benefit of itself or any party or in any manner other than that contemplated by this Agreement.

4. **ASSIGNMENT OF LEASES AND RENTS AND RECEIVERSHIP:**
The existing Mortgage and Note shall be amended to include the following: In the event the loan is in default and Borrowers are generating any gross income from the property by virtue of a tenancy or any other arrangement, Borrowers agree to assign and transfer to Servicer the right title and interest of Borrower in all existing and future leases and agreements whether or not in writing, and any rents and deposits derived and collected therefrom, affecting and pertaining to the use enjoyment or occupancy of any part of the premises. Borrower consents to the entry by Servicer, Servicer's agent, or court appointed receiver or designee, to enter the premises to collect the rents and enforce the leases. Borrower further consents to the appointment of a court appointed Receiver in the event the loan is in default.

5. **NO OTHER CHANGES:**
Except as expressly adjusted by this Agreement, all of the covenants, agreements, stipulations, and conditions in the Note and the Security Instrument remain unmodified and in full force and effect. The Security Instrument continues to secure on a first and prior lien basis the due and punctual payments of the Note, as modified by this Agreement. None of Borrower's obligations or liabilities under the Security Instrument shall be diminished or released by any provisions herein. Nor shall this Agreement in any way impair, diminish, or affect any of the Borrower's rights or remedies in the Security Instrument whether such rights or remedies arise herein or by operation of law. Any inserted terms, changes or additions to this Agreement will immediately render it null and void. Borrower is encouraged to review this Agreement with his/her legal advisor prior to signing it, but by signing the below Borrower has voluntarily signed this Agreement.

**6. NO RELIANCE; CONSTRUCTION:**
Each of the parties hereto hereby declares that, prior to the execution of this Agreement, they have apprized themselves of sufficient relevant data in order that they might intelligently exercise their own judgments in deciding on the contents of this Agreement and whether to execute this Agreement. Borrower declares that his/her decision to execute this Agreement is not as a result of undue influence or duress, and not predicated on or influenced by any declarations or representations not set forth in this Agreement, by Servicer, or any other person or party or any predecessors in interest, its successors, assigns, officers, directors, employees, agents or attorneys. Each of the parties hereto hereby further acknowledges and agrees that each of them has had significant input in the development of this Agreement and this Agreement shall not therefore be construed.

**7. NO ORAL MODIFICATION:**
This Agreement may not be amended or modified in any way except by a written instrument executed by all of the parties hereto.

**8. SUCCESSORS AND ASSIGNS:**
This Agreement shall be binding upon and inure to the benefit of the signatories to this Agreement and each of their respective successors and assigns. The obligations of the signatories to this Agreement shall not be delegated or assigned.

**9. ATTORNEY'S FEES:**
In the event that any party hereto brings suit for the collection of any damages resulting from, or the injunction of any action constituting, a breach of any terms or provisions of this Agreement, then the prevailing party shall be entitled to recover all reasonable court costs and attorney's fees, at all levels.

Borrower and Lender agree that if there is a pending foreclosure action that results in a voluntary dismissal as a result of a modification or a similar settlement between Borrower and Lender then Borrower and Lender will each pay for their respective attorney fees and costs and neither party will be responsible for the other parties attorneys fees and costs.

**10. PARTIAL INVALIDITY:**
If any term, covenant or condition of this Agreement or its application to any person or circumstances shall be held to be illegal, invalid or unenforceable, the remainder of this Agreement or the application of such term or provisions to other persons or circumstances shall not be affected, and each term hereof shall be legal, valid and enforceable to the fullest extent permitted by law, unless an essential purpose of this Agreement would be defeated by the loss of the illegal, unenforceable, or invalid provision. In the event of such partial invalidity, the parties shall seek in good faith to agree on replacing any such legally invalid provisions with valid provisions which, in effect, will, from an economic viewpoint, most nearly and fairly approach the effect of the invalid provision and the intent of the parties in entering into this Agreement.

IN WITNESS WHEREOF, Servicer and Borrower have executed this Loan Adjustment Agreement.

Borrower:

*[signature]* CRYSTAL R CAMPBELL     Date: 2-26-16

Servicer:

By *[signature]*     Date: 3.1.16
Vice President, Bayview Loan Servicing, LLC

Licensed Loan Originator: Nasi Daneshmayeh
MLO License Number: 842206
Direct: 877-650-0140 Ext. 7507  Monday - Friday 9:00 am to 6:00 pm ET
Fax:    877-360-9593



Loan No [REDACTED]

SERVICER SIGNATURE:

STATE OF FLORIDA §
§
COUNTY OF MIAMI DADE §

On __3/1/2016__, before me, __J. MARIN__, a notary public for and within the said county, personally appeared, __RAFAEL ALVAREZ__ of Bayview Loan Servicing, LLC, as Servicer, whose address is 4425 Ponce de Leon Blvd, 5th Floor, Coral Gables, Florida 33146, personally known to me (or provided to me on the basis of satisfactory evidence) to be the person(s) whose name is subscribed to the within instrument and acknowledge to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person acted, executed the instrument.

WITNESS my hand and official seal.

[Notary Seal: J. MARIN, MY COMMISSION #FF211913, EXPIRES March 19, 2019, (407)398-0153, FloridaNotaryService.com]

By: _J. Marin_
Notary Public: J. Marin
Notary Public for the State of Florida
My commission expires: 03/19/2019

Bayview Loan Servicing, LLC.
4425 Ponce de Leon Blvd, Coral Gables, 33146

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**COLUMBUS DIVISION**

| | |
|---|---|
| In Re: | Case No. 2:18-bk-57029 |
| Crystal R Campbell | Chapter 13 |
| Debtor. | Judge John E. Hoffman, Jr. |

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing Amended Notice of Mortgage Payment Change was served **electronically** on July 10, 2020 through the Court's ECF System on all ECF participants registered in this case at the e-mail address registered with the Court

And by **ordinary U.S. Mail** on July 10, 2020 addressed to:

Crystal R Campbell, Debtor
5761 Chase Run
Galloway, OH 43119

        Respectfully Submitted,

        /s/ Molly Slutsky Simons
        Molly Slutsky Simons (0083702)
        Sottile & Barile, Attorneys at Law
        394 Wards Corner Road, Suite 180
        Loveland, OH 45140
        Phone: 513.444.4100
        Email: bankruptcy@sottileandbarile.com
        Attorney for Creditor